1  EDWINA E. DOWELL, # 149059
   Assistant U.S. Trustee
2  NANETTE DUMAS, # 148261
   JOHN S. WESOLOWSKI, # 127007
3  EMILY S. KELLER, # 264983
   United States Department of Justice
4  Office of the United States Trustee
   280 S. First Street, Suite 268
5  San Jose, CA 95113-0002
   Telephone:   (408) 535-5525
6  Fax:         (408) 535-5532

7  Attorneys for August B. Landis
   Acting United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 11-60198 SLJ |
| CT DRIVES, LLC, | Chapter 11 |
| | Date: March 1, 2012 |
| Debtor. | Time: 1:30 p.m. |
| | Place: Courtroom 3099 |

**UNITED STATES TRUSTEE'S OBJECTION**
**TO DEBTOR'S DISCLOSURE STATEMENT**

The Acting United States Trustee (the "UST") hereby files the following objections and comments with respect to the Debtor's Disclosure Statement ("Disclosure Statement" or "DS") and Plan of Reorganization ("Plan") filed herein by CT Drives, LLC ("Debtor").

1. DS, p. 3 – at lines 11-15, Debtor mentions certain litigation claims, and then again mentions them at p. 5, line 7. But this appears to be the only mention of the litigation. What is to become of these litigation claims? If there's a recovery by the Debtor, who gets the money? This should be discussed in more detail in both the Plan and DS.

2. DS, p. 4 – class 1a creditors are to receive a "proportionate" share of the

Debtor's new equity. But what total percentage is class 1a getting? This is important because later, at p. 7, management personnel and certain professionals are also getting equity. Debtor should define how much of the pie is being split up among all these constituents.

3. DS, p. 4 – Class 1b seems duplicative and unnecessary, since it is already covered by the unclassified administrative claims on p. 6.

4. DS, p. 5 – Debtor has established two separate general unsecured classes when they are getting the exact same treatment (8%) – it appears that Debtor will be objecting to all the claims in Class 3b, and that is the only difference between the two classes. This separate classification does not make sense, since the Debtor can simply object to the claims as part of the entire class of unsecured creditors.

5. DS, p. 5 – the Debtor proposes only an 8% distribution to allowed unsecured claims. This seems to be inadequate, given the fact that the Debtor is expecting license revenues of $50,000 per month starting in July 2013, per exhibit 2.

6. DS, p. 5 – the starting payment date for class 3 claims is uncertain – it is the "later" of the Effective Date or the Debtor's receipt of its first post-confirmation license payment from an OE supplier. But this latter date is completely unknown. It would be better if the Debtor could change the word "later" to "earlier."

7. DS, p. 6 – priority tax claims need to be paid in full within 5 years from the petition date, not six years from assessment, per section 1129(a)(9)(C). Also, Debtor should state whether there are any such claims (the IRS has filed one).

8. DS, pp. 6/7 – there is no Exhibit 1 (historical summary of Debtor's 2011 business operations). In addition, Exhibit 2 which was filed separately raises big feasibility questions. The projections look very optimistic, and the Debtor will need to provide support for these projections.

Case 1:60198 Doc# 54    Filed: 02/23/12    Entered: 02/23/12 11:18:55    Page 2 of 3

9. DS, p. 7 – again, what percentage of the Debtor's new equity will management and the professionals have, compared to Class 1a? And will all the members have the same rights?  Also. at line 22, class 11 should be class 1a.

10. DS, p. 8 – the paragraph at lines 9-16 needs to be included in the Plan.

11. DS, p. 12 – the two paragraphs at lines 11-18 need to be included in the Plan.

12. Plan – same comments as above, as and where applicable and appropriate.

Dated: February 23, 2012                Respectfully submitted,

                                        By: /s/  John S. Wesolowski
                                              John S. Wesolowski
                                              Attorney for the U.S. Trustee