REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone:     (415) 989-4100
Fax:           (415) 989-2235
rstromsheim@stromsheim.com

Attorneys for Trustee,
FRED HJELMESET

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 11-60198 SLJ |
| CT DRIVES, LLC | Chapter 7 |
| TAX IDN 26-259-2508 | |
| Debtor | |

## APPLICATION TO EMPLOY COUNSEL BY TRUSTEE

TO THE HONORABLE STEPHEN L. JOHNSON,  UNITED STATES BANKRUPTCY JUDGE:

FRED HJELMESET ("Trustee"), trustee of the above referenced bankruptcy estate, respectfully requests an order authorizing the employment of counsel and, in support thereof, represents as follows:

1.      An Order for relief under Chapter 11 of Title 11 of the United States Code was entered herein pursuant to a voluntary petition filed by the Debtor on November 1, 2011. The case was converted to Chapter 11 on October 16, 2012, and Fred Hjelmeset is the duly appointed, qualified and acting trustee of the Debtor's estate.

2.      The Trustee requires the legal services of counsel to assist him in the administration of this case with respect to the following matters:

(a)      To investigate the Debtor's transactions in Chapter 11, and if warranted, file legal action in connection therewith;

(b)     To investigate, and if warranted, file actions to recover voidable transfers;

(c)     To determine extent and validity of liens, and if warranted, file action to avoid same;

(d)     To obtain a bar date for Chapter 11 claims;

(e)      If the Trustee requests, investigate and file objection to claims;  and

(f)     To perform such other services for Applicant relevant to this case as shall be necessary and appropriate To perform such other services as may reasonably be required during the progression of the case.

3.     The Trustee has conferred with and desires to retain and employ Stromsheim & Associates as his attorneys to perform the above described services which may be necessary and desirable in the administration of the Debtor's estate.  The law firm is employed on an hourly basis with reasonable compensation to be paid as allowed by the Court after notice and hearing. The current hourly rates are set forth on the attached Exhibit "A", and the law firm is to be reimbursed for expenses it incurs in representing the Trustee. The firm's billing rates are subject to change from time to time as circumstances warrant.

4.     The firm has agreed that for the potential avoidance claims pursued under Bankruptcy Code § 544 through 551, and 724 (a)  whether or not a lawsuit is filed, the firm is willing to accept employment on a contingency fee basis. The terms of the contingency agreement are as follows:

The fee for the pursuit of the avoidance action shall be 1/3 of the recovery, plus reimbursement of all actual and necessary costs incurred in the investigation of, and pursuit of the claim; however, in the event that a lawsuit is filed and settled within eight days of the trial date, the contingency shall be 40% of the recovery, and in the event that the lawsuit goes to trial, the contingency shall be 45% of the recovery.

No investigation has been undertaken by the attorneys at this point, no contact has been made by the attorneys with any transferees or the Debtor, there are no funds in the estate,  and the only information about the potentially voidable transfers is what has been provided to counsel by

the Trustee.

The attorneys have agreed to be employed on a contingency basis in all cases of this Trustee where there are the type of possible claims as indicated above. The attorneys will not selectively chose one case for contingency fees, and another on an hourly basis, and the attorneys will keep contemporaneous time records for all types of services, including those that are contingency fee based.

Any other legal services that will be necessary in the case shall be compensated on an hourly basis.

5. The Trustee has selected the law firm because of the extensive experience and knowledge of its members in the field of bankruptcy, insolvency and debtor's and creditor rights and believes that the law firm is well qualified to represent her in the case.

6. To the best of the Trustee's knowledge, the members and associates of Stromsheim & Associates do not have any connection with the Trustee, the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and represent no interest adverse to the estate in matters upon which it is to be retained except as follows: Stromsheim & Associates employed Fred Hjelmeset as an attorney between February, 2010 until September 27, 2010, when he left to work full time as a bankruptcy trustee, and the law firm also employed him as an attorney several years ago.

7. This is the entire agreement of the parties and there is no separate employment agreement.

WHEREFORE, the Trustee requests the entry of an order authorizing him to employ Stromsheim & Associates at the expense of the estate, to represent him in this Chapter 7 case.

DATED:        October 19, 2012

By_____/s____Fred Hjelmeset
Trustee in In re CT Drives, LLC

# CURRENT BILLING RATES

| Attorney | Rate |
|---|---|
| Reidun Stromsheim | $510 |
| Joanne M. LaFreniere | $425 |
| Johnson C. W. Lee | $330 |
| Jason Cinq-Mars | $305 |