REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
Four Embarcadero Center, 30th Floor
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
rstromsheim@stromsheim.com

Attorneys for Trustee,
FRED HJELMESET

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

CT DRIVES, LLC

TAX IDN 26-259-2508

     Debtor

Case No. 11-60198 SLJ

Chapter 7

APPLICATION TO EMPLOY SPECIAL COUNSEL BY TRUSTEE

TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY JUDGE:

     FRED HJELMESET ("Trustee"), trustee of the above referenced bankruptcy estate, respectfully requests an order authorizing the employment of counsel and, in support thereof, represents as follows:

     1.     An Order for relief under Chapter 11 of Title 11 of the United States Code was entered herein pursuant to a voluntary petition filed by the Debtor on November 1, 2011. The case was converted to Chapter 7 on October 16, 2012, and Fred Hjelmeset is the duly appointed, qualified and acting trustee of the Debtor's estate.

     2.     Among the assets in the Debtor's estate are potentially voidable transfers made by the Debtor to its principal, a multitude of companies owned or controlled by the principal, and security interests granted to insiders. The Trustee has investigated the causes of action, and understands that the cost-benefit of litigating the claims are complicated.

3.      The major creditor in the case is Conntechnical Industries ("CI"), represented by Peter C. Bronson, of Peter C. Bronson, A Professional Corporation. ("Bronson") CI has done extensive investigation into the case, has a profound knowledge of the facts and history of the financial and factual underpinnings of the claims set forth in paragraph 2, and believes that the estate has valuable causes of action against the various insiders and secured creditors, and want the estate to pursue the actions.

4.      Bronson is willing to represent the estate as special counsel, on a contingency fee basis. The terms of the contingency agreement are as follows:

> The fee for the pursuit of the avoidance action shall be 1/3 of the recovery, plus reimbursement of all actual and necessary costs incurred in the investigation of, and pursuit of the claim; however, in the event that a lawsuit is filed and settled within eight days of the trial date, the contingency shall be 40% of the recovery, and in the event that the lawsuit goes to trial, the contingency shall be 45% of the recovery.

5.      The terms are the same as the terms that had been agreed to with Trustee's regular counsel, Stromsheim & Associates, who are unwilling to pursue the avoidance actions.

6.      The Trustee believes that the background of Bronson as a commercial litigator, with extensive knowledge of the books, records, parties and relationships in the case makes him a suitable candidate for employment as special counsel. Mr. Bronson is not a creditor in the case, and understands that although he has represented CI in the past, he will now have the Trustee as a client, and that he cannot represent CI in any dispute with the Trustee over the claim of CI.

7       Accordingly, the Trustee desires to retain and employ The Law Offices of Peter Bronson as his attorney to perform the above described services which are desirable in the administration of the Debtor's estate.  Mr. Bronson is aware that local Guidelines may require that time records be filed in any fee application, and that he may be required to give notice of total hours incurred and the total amount recovered to support the fee application, and that The Law Offices of Peter Bronson will be required to produce time records upon request by the Court or the U.S. Trustee.

8.      The Law Offices of Peter Bronson will advance all costs in connection with his

representation of Trustee in the above referenced matter. The Law Offices of Peter Bronson will be reimbursed out of any recovery before any distribution of fees. If there is no recovery, or the recovery is insufficient to reimburse The Law Offices of Peter Bronson in full for costs advanced, it will bear the loss.

9. Except for the representation of CI as disclosed above, to the best of the Trustee's knowledge, The Law Offices of Peter Bronson do not have any connection with the Trustee, the Debtor, the Debtor's subsidiaries, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and represents no interest adverse to the estate in matters upon which it is to be retained.

WHEREFORE, the Trustee requests the entry of an order authorizing him to employ The Law Offices of Peter Bronson as his special counsel, at the expense of the estate, to represent him for the purpose as set forth above in this Chapter 7 case.

DATED: August 15, 2013

By   /s   Fred Hjelmeset,
TRUSTEE in *In re CT Drives.*